UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MELISSA PINSON,

                         Plaintiff,                  07 Civ. 1739 (RPP)

          - against -                  **OPINION AND ORDER**

KNOLL, INC.,

                        Defendant.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

       Plaintiff, Melissa Pinson, commenced this personal injury action on August 16, 2006 in New York State Supreme Court, Bronx County. On February 28, 2007, Defendant, Knoll, Inc., filed a Petition for Removal to the United States District Court for the Southern District of New York based on the diversity of the parties, pursuant to 28 U.S.C. § 1332 and § 1441. On March 26, 2007, Plaintiff filed this Motion to Remand to State Court on the ground that Defendant failed to remove the case within the thirty day removal period prescribed by 28 U.S.C. § 1446(b). For the following reasons, Plaintiff's Motion to Remand is denied, and Defendant's Petition for Removal is granted .

## BACKGROUND

       On or about August 16, 2006, Plaintiff filed a summons and complaint in this personal injury action against Defendant in New York State Supreme Court, Bronx County. Defendant was served with the Summons and Complaint on August 29, 2006 and September 1, 2006. (See Pl. Mot. to Remand, dated March 26, 2007, Ex. C (Affidavits of Service).) The injury claimed in the Complaint is as follows:

> [P]laintiff was caused to suffer severe and permanent personal injuries, including injury to her left foot . . . and left hand; partial ACL tear, left knee; injury to her left hand; possible ganglion cyst; plaintiff may require surgery on her left knee and wrist, plaintiff required medical care and attention and will require such care and attention in the future; extreme pain and suffering; mental anguish and distress; unable to attend to her usual duties and vocation; and plaintiff has been otherwise damaged, all of which damages are permanent in nature and continuing into the future.

(Compl. ¶ 8.) In accordance with New York law, the Summons and Complaint contained only a general statement of Plaintiff's injuries and did not contain an *ad damnum* clause alleging a specific amount of damages. See N.Y.C.P.L.R. § 3017(c) (McKinney's 2007) ("In an action to recover damages for personal injuries . . .the complaint . . . shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled.").

Pursuant to N.Y.C.P.L.R. section 3017(c)[1], Defendant sent a letter to Plaintiff on October 9, 2006, to ascertain the exact amount of damages Plaintiff sought. (Defendant's Pet. for Removal, dated February 27, 2007 ("Def. Removal Pet.") Ex. C.). In this letter, Defendant alerted Plaintiff that it wished to remove the case to federal court once it had sufficient information to establish that the amount in controversy exceeded the $75,000 threshold required under 28 U.S.C. § 1332.[2] Plaintiff did not respond to this request until February 5, 2007, stating that Plaintiff sought damages: "not expected to exceed the sum of 3.5 million dollars." (Id. Ex. D (Plaintiff's Response to Discovery and Inspection, dated February 5, 2007) at 4.)

Thereafter, on February 28, 2007, Defendant filed a Notice of Removal, stating that it "now ha[d] some basis that the value of Plaintiff's injuries . . . [exceeds] the

---

[1] "[A] party against whom an action to recover damages for personal injuries . . . is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." N.Y.C.P.L.R. § 3017(c).
[2] Diversity of the parties is not contested.

2

$75,000 amount in controversy requirement." (Def. Removal Pet. ¶ 6.)  On March 26, 2007, the Plaintiff filed this Motion to Remand to State Court and accompanying Memorandum of Law ("Pl. Mem.") alleging that Defendant's removal petition was filed more than thirty days after receipt of the Summons and Complaint in violation of 28 U.S.C. § 1446(b).  On April 16, 2007, Defendant filed its Opposition to Plaintiff's Motion to Remand and an accompanying Memorandum of Law ("Def. Mem.").

## DISCUSSION

There are three issues presented: (1) Whether the Plaintiff's Complaint qualifies as an "initial pleading" sufficient to trigger the thirty day removal period under U.S.C. § 1446(b); (2) if not, what document does suffice to begin that statutory period; (3) based on the foregoing, does the Defendant establish that the case is within the original jurisdiction of United States courts under 28 U.S.C. § 1332.

**A. Standard for Determining Whether the Thirty Day Removal Period Began with the Filing of the Complaint or the Filing of Some Other Document**

According to 28 U.S.C. § 1446(b), "the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon defendant." However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt . . .of . . . [an] other paper from which it may first be ascertained that the case is one which is or has become removable." Id.  In this case, (1) the Summons and Complaint did not allege a specific damages amount and thus was not sufficiently precise to state a removable case; and (2) the Response to Notice for Discovery and Inspection, dated February 5, 2007, which

3

contained an estimate of the damages Plaintiff sought, was the first document that indicated to Defendant that the case was removable, commencing the thirty day period. Defendant filed its Notice of Removal, on February 27, 2007, within thirty days of receipt of the triggering document.

      1.    **The Summons and Complaint was not an "initial pleading" for removal purposes.**

The Second Circuit addressed the requirements of an "initial pleading" to support a removal proceeding in Whitaker v. American Telecasting, Inc., 261 F.3d 196 (2d Cir. 2001). In Whitaker, the defendant's notice of removal had been filed over thirty days after the summons, but less than thirty days from the filing of the complaint. Id. at 199. The district court had held that the "relevant event for triggering the thirty day removal clock under § 1446(b) is the defendant's receipt of the complaint." Id. at 198. The Second Circuit disagreed, holding that the "triggering event" was the receipt of the "initial pleading," which the court defined as "any pleading (and not necessarily the complaint) containing sufficient information to enable the defendant to intelligently ascertain the basis for removal." Id. The court further held that

> In cases where removal is based upon diversity, the facts required to support the removal petition include the amount in controversy and the address of each party. While this standard requires a defendant to apply a reasonable amount of intelligence in ascertaining removability, it does not require a defendant to look beyond the initial pleading for facts giving rise to removability.

Id. at 206 (internal citations omitted).

Whitaker dictates that the Summons and Complaint in this case were inadequate to serve as the "initial pleading" for the purposes of § 1446(b). Here, in accordance with the pleading requirements for personal injury cases under N.Y.C.P.L.R. section 3017(c),

4

Plaintiff did not include an *ad damnum* clause in her complaint. All that the Complaint provides, in terms of a damages assessment, is a description of the many injuries allegedly sustained by the Plaintiff. (Compl. ¶ 8.) The description of injuries is very broad, and encompasses the potential for surgery, pain and suffering, and mental distress, among the list of potential damages claims. Given the ambiguity of the injuries alleged, the Summons and Complaint is this case are even less adequate as triggering documents than the summons at issue in Whitaker.[3]

### 2. Plaintiff's Section 3017(c) Response began the removal period.

The Plaintiff's Section 3017(c) Response contained the following provision: "Plaintiff's claim herein is not expected to exceed the sum of $3.5 million." (Def. Removal Not. Ex D at 4.) Offered in response to Defendant's request for the "value of the damages," (id. Ex. C), made under N.Y.C.P.L.R. section 3017(c), this brief statement of the maximum damages claimed is clear on its face and put Defendant on notice that the case is likely removable, as the stated figure exceeds the statutory requirement of $75,000. 28 U.S.C. § 1332(a). Thus, the thirty day period began on February 5, 2007 when the Plaintiff's section 3017(c) Response was provided to the defendant. The defendant filed its Notice of Removal on February 28, 2007, within the statutory thirty-day period provided in 28 U.S.C. § 1446(b).

---

[3] Plaintiff argues that the Complaint was sufficient to start the removal period by virtue of the fact that it provided enough information for the Defendant to attempt removal. (Pl. Mem. at 4.) Plaintiff's proposition is rebutted by the Whitaker holding that the plaintiff had to provide specific information, not merely sufficient information. Whitaker, 261 F.3d at 205-6. In fact, district courts counsel defendants to take advantage of N.Y.C.P.L.R. section 3017(c)'s request for damages provision before filing a notice of removal in federal court, in order to avoid being remanded to state court for failure to prove that they have met the amount in controversy requirement. See e.g. Jattan v. Farm Dap, Inc., 2007 WL 1175031, at *2-3 (E.D.N.Y. April 19, 2007) (remanding a personal injury case back to state court where a defendant's assertion of the amount in controversy was not sufficiently specific, stating: "had the removing defendants taken advantage of the provisions of C.P.L.R. § 3017(c) before seeking to remove the case, they would… be in a position to ascertain the existence of federal jurisdiction.").

Plaintiff argues that its section 3017(c) response does not provide the defendant with any more surety that the case is removable than the initial complaint did. (Pl. Mem. at 5.) The point of this argument is not entirely clear. Plaintiff does not contend that the amount in controversy fails to exceed $75,000. Rather, she argues that if the Section 3017(c) Response is sufficient to trigger the thirty-day removal period, so was the Summons and Complaint. According to the Plaintiff, the claim that "damages <u>will not exceed</u> $3.5 million" says very little, as "[a] damages award of 50 cents falls within this response just as easily as a damages award of $3 million." (<u>Id.</u> at 5 (emphasis in original).)

Plaintiff's argument is not persuasive. In <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283 (1938), the Supreme Court held that:

> [T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

<u>Id.</u> at 288-89. Plaintiff cannot wriggle out of this presumption by suggesting that the words "will not exceed" do not provide certainty to their claim for damages. There would be no point to a request for specific damages under section 3017(c) if Plaintiff's response were permitted to avoid removal by legal circumlocution. In <u>Horton v. Liberty Mutual Ins. Co.</u>, 367 U.S. 348, 353 (1961), the Supreme Court applied the "legal certainty" test in a case where plaintiff claimed damages of $14,035, despite an earlier

6

administrative finding of $1,050 in total damages.  The plaintiff's claim was held sufficient to give the federal court jurisdiction as the claim exceeded the then-jurisdictional threshold of $10,000 and was made in good faith.  Id.  Whether or not the ultimate damages award in this case exceeds $75,000, Plaintiff's claim of "up to $3.5 million" renders that figure the amount in controversy for the jurisdictional test so long as the figure was provided in good faith.  St. Paul, 303 U.S. at 289.

Thus, the Section 3017(c) Response was the first "paper" by which the defendant could ascertain that the case was removable and triggered the thirty-day removal period.  28 U.S.C. § 1446(b).

**B. The Action is Removable**

A removing party must establish that the federal courts have jurisdiction "to a reasonable probability."  Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000).  Courts are to evaluate jurisdictional facts "on the basis of the pleadings, viewed at the time when the defendant files the notice of removal."  Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57 (2d Cir. 2006).  The question then becomes whether Defendant has demonstrated "to a reasonable probability" that the amount in controversy exceeds $75,000.  Mehlenbacher, 216 F.3d at 296.  As indicated above, important to the St. Paul "legal certainty" analysis of damages claims is the intent of the plaintiff.  See 303 U.S. at 288-89.  In applying the "legal certainty" test, the Second Circuit inquires whether a claim "was so patently deficient as to reflect to a legal certainty that he could not recover the amount alleged, or that the damages were feigned to satisfy jurisdictional minimums."  Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc., 166 F.3d 59, 63 (2d Cir. 1999).

Based on the injuries alleged in the Complaint, the damages are both indeterminate and potentially over $75,000. As a result, the claims are not "so patently deficient as to reflect to a legal certainty that [Plaintiff] could not recover the amount alleged." Id. at 63. Furthermore, given that she is opposing removal, Plaintiff has no incentive to overestimate her damages pleading for the purpose of obtaining federal jurisdiction. This makes it very unlikely that Plaintiff's "damages were feigned to satisfy jurisdictional minimums." Id.

Defendant has established by a preponderance of the evidence that the amount in controversy exceeds the required $75,000. 28 U.S.C. § 1332. Thus, the United States District Court for the Southern District of New York has original jurisdiction over this case pursuant to 28 U.S.C. § 1332.

## CONCLUSION

For the aforementioned reasons, Plaintiff's Motion to Remand is denied, and Defendant's Petition for Removal is granted.

IT IS SO ORDERED.

Dated: New York, New York
       June 18, 2007

_____
Robert P. Patterson, Jr.
United States District Judge

Copies of this Opinion and Order Sent To:

*Counsel For Plaintiff:*
Jaroslawicz & Jaroslawicz, Esqs.
ATTN: Robert J. Tolchin, Esq.
150 William Street
New York, NY 10038
Tel: 212-227-2780
Fax: 212-227-5090

*Counsel for Defendant:*
Ahmuty, Demers & McManus, Esqs.
ATTN: Vincent S. Ambrosino, Esq.
123 William St.
27th Floor
New York, NY 10038
Tel: 212-513-7788
Fax: 212-513-7843